ARCHIBALD G. THACHER et al., Plaintiffs, *v.* JULIEN TOWNSEND DAVIES et al., Defendants.

Supreme Court, New York Special Term, January, 1922.

**Wills — life estate to husband — gift of remainder to children and their issue per stirpes and not per capita — one child dying intestate leaving no issue merely reduces the number of beneficiaries.**

The intention of a testatrix as evidenced by her will must prevail unless it offends public policy or transgresses some positive rule of law.

Testatrix gave all of her estate to her surviving husband with remainder to her four surviving children, and to the issue of any child who might predecease the husband, *per stirpes* and not *per capita*. Three of the children died during the life tenancy, two left issue and the third died unmarried, intestate and without issue. *Held*, that it was the intention of testatrix that upon the termination of the life estate all the remainder should be divided among her children and their issue; the death of one of said children without issue merely reduced the number of beneficiaries.

ACTION for construction of will.

*Davies, Auerbach & Cornell* (*Alexander J. Field,* of counsel), for plaintiffs.

*Herbert Barry,* for defendants Julien Townsend Davies and others.

*William Byrd,* guardian *ad litem* for infant defendants.

FORD, J. Alice M. Davies, wife of Julien T. Davies, died in 1905 leaving her husband and four children. Her will, made in 1890, gave all her estate to her husband for life, remainder to her children and the children of any child who might die before her husband. Three of the children died during the life tenancy. Two of them left issue. The third, Cornelia S. Davies, died unmarried, without issue and intestate.

Julien T. Davies died in 1920 and the executors of his will bring this action for a construction of the will of his wife in respect of the disposition to be made of the fourth part of the corpus of her estate which would have gone to Cornelia S. Davies under the will of her mother had she survived her father.

Concretely the questions to be answered are: Did the share provided for in the mother's will for Cornelia vest in her upon the death of the testatrix and so fall to her father as Cornelia's next of kin; or, if it did so vest, was it divested by her death and so fall to the surviving child, and the issue of the two children who predeceased the father; or was vesting postponed till the death of the father?

Dominating all other rules applicable to the construction of wills stands the one which requires that the intent of the testator,

so far as it may be gathered from the will itself, must prevail unless it offend against public policy or transgress some positive rule of law. Here I think the intent may reasonably be inferred without the aid of any abstract rule of interpretation.

Take the 1st and 2d paragraphs of the will:

" *First.* I give devise and bequeath all my real and personal estate of every description to my husband, Julien T. Davies, for and during his life.

" *Second.* Upon the death of my said husband, Julien T. Davies, I give, devise and bequeath all my real and personal estate to my children and to the issue of any child that may have died prior to the death of my said husband, *per stirpes* and not *per capita.*"

These are the only portions of the instrument which shed any light upon the question of the intent of the testatrix. But are they not sufficient?

The language is plain, simple, concise. The testatrix gives her whole estate to her husband for life. That is his share. She gives to her children and her children's children the remainder of her estate. That is their share. How can it reasonably be said that she intended that her husband's estate should in any contingency share in that part of the estate expressly given to her children and their issue so long as there remained a child or grandchild to receive it? Does not reason and common sense, when applied to the few simple words of the will, negative such a suggestion?

Is not the intent equally clear that all the remainder of the estate, after the husband had taken out and enjoyed his share during life, should be divided among the children and their issue, and that the death of Cornelia without issue merely reduced the number of beneficiaries? I think so.

Nor is this view violative of any positive rule of law or in conflict with public policy. *Robinson* v. *Martin,* 200 N. Y. 159. It would be idle to discuss the niceties of distinction involved in the questions as to whether the share of Cornelia vested upon the death of the testatrix and was divested by her death, or whether vesting was postponed until the death of the life tenant, as was held in the *Robinson Case, supra.* The testatrix here intended that all of her estate remaining after the life tenancy terminated should be divided among her children and their issue and any arbitrary rule of construction whose application would defeat that intent must be disregarded.

Judgment will be granted accordingly, and otherwise as demanded in the complaint.

Judgment accordingly.